Judge Underwood,
delivered the Opinion of the Court.
This is an action of covenant founded on the official bond of Straton against.him and his sureties. The breaches assigned are in substance, ..that two executions issued on the 3rd of March, which, on that day, were placed in the hands of one of Straton’s deputies for collection; These executions were against >lexander Gill, Win. Patterson and H. M. Gill, the two last being but sureties for the former. That the deputy, on the 5th of March, received other executions which issued, on that day, against the estate of Alexander Gill. That while all these executions were in full force in the hands of the deputy, Alexander Gill, at the request of his sureties, Patterson and H. M. Gill surrendered property for the satisfaction of the executions against the sureties, and required the deputy to levy the executions against the sureties on the property thus surrendered. That said deputy in violation of law levied the.executions which issued, on the 5th, .upon the property given up for the benefit of the sureties, and gave the executions so levied a preference over those which issued on the 3rd, and which came to his hands first. That the deputy after levying the executions against the sureties upon some personal property, illegally permitted a constable to take it and dispose of it. That, in consequence of the illegal acts of the deputy in permitting the property of A. Gill, which should have been applied in satifying the executions against the sureties to be disposed .of otherwise, Win. Patterson had been compelled to pay off one of the executions, and H. M., Gill had been compelled to pay off the other out of their own estates to their great injury, &c.
The defendants demurred to the declaration, and the court gave judgment in their favor. To the form of the declaration we perceive no objection. It contains every averment necessary to present the mat *91 ter relied on fully. The decision of the demurrer must turn upon the facts. In behalf of the defendants, two grounds are assumed: 1st. that-the facts averred being true, do not shew any liability on the part of the defendants to the relators, and 2nd if there be any liability, it is separate and not joint; and so the relators have misconceived their action by uniting. Upon the first point, it is contended, that the law providing that an execution shall bind the defendants’ property from the time of its delivery, and requiring the execution first delivered tobe first satisfied &c. was designed for the benefit of the plaintiffs in the execution alone, and if disregarded by the officer, no one can ho injured, provided the plaintiff’s debt is made. In addition it is urged, that the claim of the relators against A. Gill, is in dignity not higher than a simple contract and that to permit, their success in this case; would be to give them a preference over judgment creditors whose executions must have remained unsatisfied, but for the course taken by the'deputy sheriff. The 8th tion of the act to amend and reduce into one, the exeeution laws approved 12th February, 1828, provides that no writ of execution shall bind the estate of the defendant, but from the time of its delivery. For the better manifestation of said time the officer is required to endorse the day of the month, time of day and year when the writ is received; “and if two or more writs of execution in favor of different parties against the same person shall be delivered to the officer upon the same, or different days that which came first to his hands, shall be satisfied first.” Mere is avery plain rule for the observance of officers laid down. It is unquestionably their duty to obey it. But if they do not, then it is insisted, no one can complain, unless he be plaintiff in the execution first delivered, and .which has, in violation of the rule, been postponed. Why restrict it to plaintiffs in execution? There is nothing in any act of assembly which gives such a limitation, in express terms, to the officer’s responsibility: nor can we discern the principles upon which, by construction, we can decide in favor of such a limitation. The sheriff is required to covenant in his bond of office, that “in all things he will truly and faithfully execute and *92 perform his office according to law,?’ and “any pergon injure¿| by a breach of the condition of his bond, may prosecute a suit thereon and recover damages.” II Digest, 1133.- Under these provisions, the-only questions in fixing the sheriff’s liability seem to he, first, has he violated any condition of his bond, and second, has the relator been injured by it? if the bond has been violated, yet if there has been no injury to the relator, he must fail in his snit. It might, therefore, be conceded, that if A. Gill had instituted this suit, because the rule for satisfying the execution against him, had not been observed by the sheriff, he could not recover in any event more than nominal damages, if that: for if his property went to pay his just debts, the order in which they were paid, could be to him no more than a matter of conscience and feeling, and to remunerate his chagrin in not being permitted. to discriminate and shew favoritism among his creditors, could not be done by' any standard known to the law. But this, we con-ffeive, is a very different thing from that of making individuals liable for a debt, and ultimately compelthem to pay it; when, if the rule prescribed f°r sheriffs had been observed, no such burden would have fallen.on them. If the executions first deliver-et[ }iat¡ been satisfied first as the law directed, the rcHtors would have been entirely discharged from responsibility; but A. Gill would still have-remain-ed bound for whatever sum, his property could not l>a>b and this, in respect to him, must have been the case in every event. The consequence resulting is, that he could not be injured. But the injury to the relators is striking; if the sheriff does his dutv, they pay nothing; if the sheriff violates his duty, they are made to pay. This to them as sureties, if their principal is insolvent, is as grievous as it would he, wet’e die sheriff to take their property under color of h.is office to satisfy an execution in which they were not bound. It is in either case, the Joss of so ™uch estate both proceeding from thejwrongful acts of the officer, and we cannot see why good policy anc[ sound .morality, should not, in both instances e, hold him answerable. It is asked, shall the sheriff be bound to know who is principal, and who *93 is surety in an execution? We answer, he is not; but he is bound to do his duty ’’according lo law.” It' lie fails, he risks all consequences, and cannot there-alter excuse himself upon the ground, that the process did not point out his danger. If the sheriff, or Ins oopnty, nad levied the executions lirst delivered on the properly of the sureties, it is probable, they nb--' i.t have protected it to some extent, if not under the provisions of the 35th section of tin- aforesaid act of 1828. But it is deemed nnnecesvary to investigate the point now, how far the property of the principal could be substituted as matter of right to save that of the surety. No levy seems lo have been made on the estate of the sureties- uni il after the sale of the property of the principai, aif-Kthe application of the proceeds to the payment of the junior executions.
When two or mere exeouof°(lifferent°r partiesagainst same per-to the officer at' d:fferem times jN3 ^3 t-y that which first came to h’3 l5ani!s-
If an officer who holds an in his hands! shall levy the junior exeoubyAhé^sAisfaction of it first, shall so property Ahat there shall no-, bpsufficiuntfo satisfythnnld- and in conse-’ quenco thereof the older satisfioclootAf the estate of the surety of in'6thA'Av.cr execution,the offioeris liable “-Jali toy the injury thereby inflicted on the surety in the older execution.
If a sheriff after he has levied property permit another officer (¡„n ‘ofViher executions,) he violates his duty, and his official bond.
The officer holding the r-ght to late iropcrty out °f gCCT who h.,' .R:><ie the first levy, altho’ mude in vir,tuo of a y°'>ns0T ex~ ecatum‘
Permitting the constable to take off a part of the property levied on by the sheriff, he having made the first levy, was likewise a violation of the condition of the bond. The officer holding the oldest execution, is not entitled to take property out of the hands of anoiherofficer who has made the first levy, although it be in virtue of a younger execution.
_ Wc do not perceive the weight of the arguments founded on the relative dignity of the debts, or claims, .in behalf of the relators-against A. Gill, and those of his judgment creditors. The rule which directs executors and administrrtors to respect the dignity of debts cannot - operate in the application of the rules prescribed by statute for the government of sheriffs to the facts of this case. We are, thetefore, of opinion, that the declaration contains averments of facts which shew that the relators have been injured by the conduct of Straton’s deputy, and for which they are entitled to a remedy on the official bond.
_ Upon the second point we are divided in opinion. The Chief Justice thinks -that the relators have sustained that kind of an injury for which they may unite in the present action, or sue severally. Judge Underwood is of opinion, that their idjury is altogether several, and that they cannot sue jointly.
Mills and Brown for plaintiffs; Monroe for defen-dants. •
Wherefore, the judgment must be affirmed with costs.
Absent Judge Buckner.